IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS-EASTERN DIVISION

| | |
|---|---|
| CREATIVE TUNINGS, INC., ) <br> ) <br> ) <br> ) <br> Plaintiff, ) <br> ) No. 21-cv-5731 <br> ) <br> v. ) <br> ) <br> ) Hon. Virginia M. Kendall <br> THE PARTNERSHIPS AND ) Hon. Sunil R. Harjani, Magistrate Judge <br> UNINCORPORATED ASSOCIATIONS ) <br> IDENTIFIED IN SCHEDULE "A", ) <br> ) <br> ) <br> Defendants. ) | |

## SEALED ORDER GRANTING MOTION TO SEAL DOCUMENTS AND EX PARTE TEMPORARY RESTRAINING ORDER WITH ASSET FREEZE AND OTHER EQUITABLE RELIEF

Plaintiff Creative Tunings, Inc., a New York corporation ("Plaintiff"), having filed its complaint for Federal Trademark Counterfeiting and Infringement, Unfair Competition and False Designation of Origin, and claims under the Illinois Uniform Deceptive Trade Practices Act and for civil conspiracy, and having moved ex parte for an order sealing its motion for Temporary Restraining Order, Memorandum in Support of the motion for Temporary Restraining Order, the Declaration of Zareefa Flener in support of the motion for Temporary Restraining Order and exhibits thereto, and the Complaint and exhibits thereto, and also for a Temporary Restraining Order and other relief pursuant to Rule 65 of the Federal Rules of Civil Procedure, Fed. R. Civ. Pro. 65, and the Court having considered the complaint, declaration, exhibits, and memorandum of law filed in support, finds as follows:

    A.  This Court has jurisdiction over the subject matter of this case;

    B.  This Court has good cause to believe the Court will have jurisdiction over the parties;

1

C. There is good cause to believe that the Defendants, identified in the Complaint and Schedule A attached thereto have engaged in, and are likely to continue to engage in acts and practices that violate the Lanham Act, 15 U.S.C. §1114(1), false designation of origin claim under 15 U.S.C. §1125(a), and the Illinois Uniform Deceptive Trade Practice Act, 810 ILCS 510;

D. There is good cause to believe that immediate and irreparable injury will occur to the Plaintiff, will occur from the sale, transfer, or other disposition or concealment by Defendants of their assets and business records unless Defendants are immediately restrained and enjoined by order of this Court.

E. There is good cause to for issuing this Order pursuant to Federal Rule of Civil Procedure 65(b).

**It is therefore Ordered:**

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily enjoined and restrained from:

   a. Using the SPIDERCAPO and associated trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Creative Tunings product or not authorized by Plaintiff to be sold in connection with the SPIDERCAPO and associated trademarks;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Creative Tunings product or any other product produced by Plaintiff,

that is not Plaintiff's or not produced under the authorization, control or supervision of Creative Tunings and approved by Plaintiff for sale under the SPIDERCAPO and associated trademarks;

c. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Products are those sold under the authorization, control or supervision of creative Tunings, or are sponsored by, approved by, or otherwise connected with Creative Tunings;

d. further infringing the SPIDERCAPO and associated trademarks and damaging Plaintiff's goodwill;

e. otherwise competing unfairly with Plaintiff in any manner;

f. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of the SPIDERCAPO and associated trademarks, or any reproductions, counterfeit copies or colorable imitations thereof;

g. using, linking to, transferring, selling, exercising control over, or otherwise owning or operating the infringing webstores, websites, or any other domain name that is being used to sell or is the means by which Defendants could continue to sell Counterfeit Products.

2. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily enjoined and restrained from:

    a. Moving, destroying, or otherwise disposing of any items, merchandise or documents relating to the Counterfeit Products, Defendants' infringing webstores or websites, and/or Defendants' assets and operation; and

    b. Removing, destroying, or otherwise disposing of computer files, electronic files, business records, or documents relating to any of Defendants' infringing webstores, websites, assets, operations, or relating in any way to the manufacture, acquisition, purchase, distribution or sale of Counterfeit Products, or any reproduction, copy or colorable imitation of the SPIDERCAPO and associated trademarks.

3. Each Defendant, within fourteen (14) days after receiving notice of this Order, shall serve upon Plaintiff a written report under oath providing: (a) their true name and physical address; (b) all websites and online marketplace accounts on any platform that they own and/or operate; (c) their financial accounts, including but not limited to all Alibaba, Aliexpress, Amazon, eBay, Joom, Rosale Fashion Shops 2021, Shopify, and Wish, etc., accounts; and (d) the steps taken by each Defendant to comply with paragraphs 1(a)–(g) and 2(a)–(b), above.

4. Plaintiffs may immediately commence discovery by providing actual notice, pursuant to subpoena or otherwise, of this Order to any of the following parties: (1) Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them; (2) any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, Alibaba, Aliexpress, Amazon, eBay, Joom, Rosale Fashion Shops 2021, Shopify, Wish, PayPal, Inc., Western Union, Payoneer, Worldfirst, etc. or other merchant

account providers, payment provider, third party processors, credit card associations (i.e. MasterCard and VISA) that receive payments or hold assets on Defendants' behalf; and (3) any third party service providers, including without limitation, ISPs, backend service providers, web designers, sponsored search engine or ad-word providers, shippers, domain name registrars, domain name registries or online third-party sellers who have provided services for Defendants (collectively, "Third Party Providers") shall, within five (5) days after receipt of such notice, provide copies of all documents and records in such person or entity's possession or control relating to:

    a. The identities and addresses of Defendants, their agents, servants, employees, confederates, and any persons acting in concert or participation with them and the locations and identities of Defendants' operations, including without limitation, identifying information associated with Defendants' infringing webstores websites and financial accounts

    b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the infringing websites and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to the infringing websites;

    c. Defendants' infringing webstores, websites and any domain name registered by Defendants; and

    d. Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or

under the control of any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, Alibaba, Aliexpress, Amazon, eBay, Joom, Rosale Fashion Shops 2021, Shopify, and Wish or other merchant account providers, payment providers, third party processors, and credit card associations (i.e., MasterCard and VISA).

5. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

6. Alibaba, Aliexpress, Amazon, eBay, Joom, Rosale Fashion Shops 2021, Shopify, and Wish, and their affiliates shall, within two (2) business days of receipt of this Order, block any money transfers and funds from being transferred by the Defendants identified in Schedule "A" until further ordered by this Court.

7. PayPal, Inc., Payoneer, Worldfirst, and PingPong ("Payment Processors") shall, within two (2) business days of receipt of this Order, for any Defendant or any of Defendants' infringing websites:

    a. locate all accounts and funds connected to Defendants and the infringing websites, including, but not limited to, any Payment Processor accounts connected to the information listed in Schedule "A" hereto and any email addresses provided for Defendants by third parties; and

    b. restrain and enjoin any such accounts or funds that are non-U.S. based from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

8. Any banks, savings and loan associations, payment processors, or other financial institutions, for any Defendant or any of Defendants' infringing websites, shall within two (2) business days of receipt of this Order:

    a. locate all accounts and funds connected to Defendants and the infringing websites, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto and any e-mail addresses provided for Defendants by third parties; and

    b. restrain and enjoin any such accounts or funds that are based in foreign jurisdictions, including but not limited to China and Hong Kong, from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

9. Plaintiff may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing and service of process pursuant to Fed. R. Civ. P. 4(f)(3), by sending an e-mail to the e-mail addresses provided for Defendants by third parties hosting their webstores, such as Alibaba, Aliexpress, Amazon, eBay, Joom, Rosale Fashion Shops 2021, Shopify, and Wish, etc. The Clerk of the Court is directed to issue a single original summons in the name of "Nanjing Gimi Musical Instrument Co., Ltd and all other Defendants identified in the Complaint" that shall apply to all Defendants. Providing notice via e-mail, along with any notice that Defendants receive from webstore hosts and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

10. This Order shall apply to the infringing webstores, websites and any other domain names properly brought to this Court's attention and verified by sworn affidavit that verifies such new webstores or domain names are being used by Defendants for the purpose of counterfeiting the SPIDERCAPO and associated trademarks at issue in this action and/or unfairly competing with Plaintiff.

11. Upon two (2) days' written notice Plaintiff or on shorter notice as set by this Court, any Defendant may, upon proper showing, appear and move to dissolve or modify this Order upon an appropriate evidentiary showing by Defendant.

12. Plaintiff shall file with the Court a bond, in the form of cash, cashier's check, or surety, in the amount of $**10,000.00.**

This Temporary Restraining Order without notice is entered at Chicago, Illinois and shall expire on November 16, 2021, at 9:00 A.M.

Dated: November 2, 2021

Entered:

Virginia M. Kendall
United States District Judge